UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

JONATHAN BAIDE, WILMER )
CABALLERO, YONI CUBAS, GEIKER J. )
ALVARADO and other Similarly Situated )
Individuals, )
                 )
             Plaintiffs, )
                 )
v. )
                 )
SUNSOF, INC., and EDGARDO D. )
ARMANDO, individually, )
                 )
            Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiffs, JONATHAN BAIDE, WILMER CABALLERO, YONI CUBAS, GEIKER J. ALVARADO and other similarly situated individuals, sue the Defendants, SUNSOF, INC., and EDGARDO D. ARMANDO, individually (collectively, "Defendants"), and allege:

1.    This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.    Plaintiff, JONATHAN BAIDE ("Baide"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Baide is a covered employee for purposes of the Act.

3.    Plaintiff, WILMER CABALLERO ("Caballero"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Caballero is a covered employee for purposes of the Act.

4. Plaintiff, YONI CUBAS ("Cubas"), is a resident of Miami-Dade County, Florida within the jurisdiction of this Honorable Court. Cubas is a covered employee for purposes of the Act.

5. Plaintiff, GEIKER J. ALVARADO ("Alvarado"), is a resident of Miami-Dade County, Florida within the jurisdiction of this Honorable Court. Alvarado is a covered employee for purposes of the Act.

6. Defendants, SUNSOF, INC., ("Sunsof") and EDGARDO D. ARMANDO ("Armando") are a Florida Profit Corporation and a Florida resident, respectively, conducting business in Miami-Dade County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, lives in Miami-Dade County, Florida.

**COUNT I: WAGE AND HOUR FEDERAL
STATUTORY VIOLATION BY BAIDE AGAINST *SUNSOF***

7. Baide re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

8. This action is brought by Baide, and those similarly situated, to recover from Sunsof unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq. and specifically under the provisions of 29 U.S.C. § 207(a)(1) which states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate of not less than one and a half times the regular rate at which he is employed."

9. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Sunsof is and was, at all times pertinent to this complaint, engaged in interstate

commerce. At all times pertinent to this complaint, Sunsof operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Sunsof obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Sunsof was at all times material hereto in excess of $500,000.00 per annum, and/or Sunsof, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10.     By reason of the foregoing, Sunsof is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Baide, and those similarly situated, was and/or is engaged in interstate commerce for Sunsof. Sunsof's business activities involve those to which the Act applies. Sunsof is a food manufacturing business that distributes its products nationally and, through its business activity, affects interstate commerce. Baide's work for Sunsof likewise affects interstate commerce. Baide was employed by Sunsof in two separate but simultaneous positions, a cook and a factory worker doing each job during a span of several months, for Sunsof's business.

11.     While employed by Sunsof, Baide routinely worked in excess of forty (40) hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. Sunsof was employed as both a cook and a factory worker,

performing the same or similar duties as that of those other similarly situated cooks and factory workers whom Baide observed working more than forty (40) hours per week.

12.     Baide was paid $9.25 per hour from on or about May of 2013 through April 16, 2014.  During this period, Baide worked two shifts for Defendant but was not paid overtime wages for the hours he worked in excess of forty (40) per week. Baide worked approximately, subject to discovery, fifty (50) hours per week for Sunsof.  Baide seeks to recover unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

13.     Prior to the completion of discovery and to the best of Baide's knowledge, at the time of the filing of this complaint, Baide's good faith estimate of his unpaid overtime wages is as follows:

**Actual Damages**:

**December 2013 through March of 2014 (13 weeks of compensable time)**

<u>**Unpaid Overtime Wages**</u>: $9.25 x 1.5 (overtime rate) x 10 (weekly overtime hours worked) x 13 (compensable weeks) = **$1,803.75**

**Liquidated Damages: $1,803.75** representing an equal amount in double damages/liquidated damages.

**TOTAL DAMAGES OF $3,607.50,** plus reasonable attorneys' fees and costs of suit.

14.     At all times material hereto, Sunsof failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Baide and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sunsof to pay them at the rate of time and one half for all hours in excess of forty (40) per workweek as provided in the Act. The additional persons who may become

Plaintiffs in this action are employees and/or former employees of Sunsof who are and who were subject to the unlawful payroll practices and procedures of Sunsof and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

15.     Sunsof knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Baide, and those similarly situated, these wages since the commencement of Baide's employment, and those similarly situated employees' employment with Baide as set forth above, and Baide, and those similarly situated, are entitled to recover double damages. Sunsof never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

16.     Sunsof willfully and intentionally refused to pay Baide overtime wages as required by the laws of the United States as set forth above and remains owing Baide these overtime wages since the commencement Baide's employment with Sunsof as set forth above.

17.     Baide has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Baide, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Baide, and other similarly situated, and against Sunsof on the basis of Sunsof willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Baide actual damages in the amount shown to be due for unpaid wages and overtime compensation, with interest plus reimbursement; and

C.     Award Baide an equal amount in double damages/liquidated damages; and

D.     Award Baide reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Baide and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *BAIDE* AGAINST *ARMANDO*

18.     Baide re-adopts each and every factual allegation as stated in paragraphs 1 through 17 above as if set out in full herein.

19.     At the times mentioned, Armando was, and is now, the Director, manager and/or owner of Sunsof. Armando was an employer of Baide and others similarly situated within the meaning of Section 3(d) of the Act in that Armando acted directly in the interests of Sunsof in relation to its employees, including Baide and others similarly situated. Armando had operational control of the businesses and is jointly and severally liable for Baide's damages.

20.     Armando willfully and intentionally refused to pay Baide overtime wages as required by the laws of the United States as set forth above and remains owing Baide these wages since the commencement of Baide's employment with Sunsof as set forth above.

21.     Baide has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Baide, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Baide, and other similarly situated, and against Armando on the basis of Armando's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. and other Federal Regulations; and

      B.     Award Baide actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

      C.     Award Baide an equal amount in double damages/liquidated damages; and

      D.     Award Baide reasonable attorneys' fees and costs of suit; and

      E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Baide and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: EMPLOYER'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE PURSUANT TO 29 U.S.C. 215(A)(3) (BAIDE)

22.     Baide adopts each and every factual allegation as set forth in paragraphs 1 through 21 above as if set forth in full herein.

23.     In late 2013 Baide's uncle, through his attorneys, complained to Defendant Sunsof about unpaid overtime wages.

24.     On February 17, 2014, Baide's uncle, through his attorneys, filed a lawsuit for unpaid overtime against the Defendants, Sunsof and Armando. *See Laffita,* et al. *v. Sunsof*, et al., Case No.: 14-cv-20592-KMW (the "Laffita Case").

25.     On or about April 16, 2014, the Defendant, Sunsof, fired Baide.

26.     The motivating factor, which caused Plaintiff Baide's discharge as described above was the complaint seeking unpaid overtime wages by his uncle in the Laffita Case.

27.     The employer's termination of Baide was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Baide has been damaged.

**WHEREFORE**, Baide requests that this Honorable Court:

A.      Enter judgment against Sunsof for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B.      Reinstatement and promotion and injunctive relief prohibiting Sunsof from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as all other damages recoverable by law 29 U.S.C. 216(b).

### C.  JURY DEMAND

Baide demanda trial by jury of all issues so triable as of right.

### COUNT IV: WAGE AND HOUR FEDERAL
### STATUTORY VIOLATION BY *CABALLERO* AGAINST *SUNSOF*

28.      Caballero re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

29.      This action is brought by Caballero, and those similarly situated, to recover from Sunsof unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq. and specifically under the provisions of 29 U.S.C. § 207(a)(1) which states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate of not less than one and a half times the regular rate at which he is employed."

30.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Sunsof is and was, at all times pertinent to this complaint, engaged in interstate commerce. At all times pertinent to this complaint, Sunsof operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States

and also provides its services for goods sold and transported from across state lines of other states, and Sunsof obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Sunsof was at all times material hereto in excess of $500,000.00 per annum, and/or Sunsof, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

31.     By reason of the foregoing, Sunsof is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Caballero, and those similarly situated, was and/or is engaged in interstate commerce for Caballero. Caballero's business activities involve those to which the Fair Labor Standards Act applies. Sunsof is a food manufacturing business that distributes its products nationally and, through its business activity, affects interstate commerce. Caballero's work for Sunsof likewise affects interstate commerce. Caballero was employed by Sunsof as a factory worker for Sunsof's business.

32.     While employed by Sunsof, Caballero routinely worked in excess of forty (40) hours per week without being compensated as a rate of not less than one and one half times the regular rate at which she was employed. Caballero was employed as a factory worker, performing the same or similar duties as that of those other similarly situated maintenance workers whom Caballero observed working more than forty (40) hours per week.

33.     Caballero was paid $9.50 per hour from on or about July, 2010 through January, 2013. Caballero was not paid overtime wages for the hours he worked in excess of forty (40) per

week. Caballero worked approximately, subject to discovery, fifty five (55) hours per week for Sunsof. Caballero seeks to recover unpaid overtime wages accumulated from the date of hire and the date of termination and/or the date of the filing of this Complaint.

34.     Prior to the completion of discovery and to the best of Caballero's knowledge, at the time of the filing of this complaint, Caballero's good faith estimate of his unpaid overtime wages is as follows:

**Actual Damages**:

**July 2010 through January 2013 (84 weeks of compensable time)**

**Unpaid Overtime Wages**: 9.50 x 1.5 x 15 x 84 = **$17,955**

**Liquidated Damages: $17,955** representing an equal amount in double damages/liquidated damages.

**TOTAL DAMAGES OF $35,910**; plus reasonable attorneys' fees and costs of suit.

35.     At all times material hereto, Sunsof failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Caballero and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sunsof to pay them at the rate of time and one half for all hours in excess of forty (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Sunsof who are and who were subject to the unlawful payroll practices and procedures of Sunsof and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

36.     Sunsof knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Caballero,

and those similarly situated, these wages since the commencement of Caballero's employment, and the employment of those similarly situated employees, with Sunsof as set forth above, and Caballero, and those similarly situated, are entitled to recover double damages. Sunsof never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

37.     Sunsof willfully and intentionally refused to pay Caballero overtime wages as required by the laws of the United States as set forth above and remains owing Caballero these overtime wages since the commencement Caballero's employment with Sunsof as set forth above.

38.     Caballero has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Caballero, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Caballero, and other similarly situated, and against Sunsof on the basis of Sunsof willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Caballero actual damages in the amount shown to be due for unpaid wages and overtime compensation, with interest plus reimbursement; and

C.     Award Caballero an equal amount in double damages/liquidated damages; and

D.     Award Caballero reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Caballero and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT V: WAGE AND HOUR FEDERAL
### STATUTORY VIOLATION BY *CABALLERO* AGAINST *ARMANDO*

39.     Caballero re-adopts each and every factual allegation as stated in paragraphs 1 through 6 and 28 through 38 above as if set out in full herein.

40.     At the times mentioned, Armando was, and is now, the Director, manager and/or owner of Sunsof. Armando was an employer of Caballero and others similarly situated within the meaning of Section 3(d) of the Act in that Armando acted directly in the interests of Sunsof in relation to its employees, including Caballero and others similarly situated. Armando had operational control of the businesses and is jointly and severally liable for Caballero's damages.

41.     Armando willfully and intentionally refused to pay Caballero overtime wages as required by the laws of the United States as set forth above and remains owing Caballero these wages since the commencement of Caballero's employment with Sunsof as set forth above.

42.     Caballero has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Caballero, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Caballero, and other similarly situated, and against Armando on the basis of Armando's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Caballero actual damages in the amount shown to be due for unpaid

wages, with interest plus reimbursement of expenses; and

      C.     Award Caballero an equal amount in double damages/liquidated damages; and

      D.     Award Caballero reasonable attorneys' fees and costs of suit; and

      E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<div align="center"><b><u>JURY DEMAND</u></b></div>

Caballero and those similarly situated demand trial by jury of all issues so triable as of right.

<div align="center"><b>COUNT VI: WAGE AND HOUR FEDERAL<br><u>STATUTORY VIOLATION BY <i>CUBAS</i> AGAINST <i>SUNSOF</i></u></b></div>

43.     Cubas re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

44.     This action is brought by Cubas and those similarly situated, to recover from Sunsof unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq. and specifically under the provisions of 29 U.S.C. § 207(a)(1) which states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate of not less than one and a half times the regular rate at which he is employed."

45.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Sunsof is and was, at all times pertinent to this complaint, engaged in interstate commerce. At all times pertinent to this complaint, Sunsof operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other

states, and Sunsof obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Sunsof was at all times material hereto in excess of $500,000.00 per annum, and/or Sunsof, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

46.     By reason of the foregoing, Sunsof is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Cubas, and those similarly situated, was and/or is engaged in interstate commerce for Sunsof. Sunsof's business activities involve those to which the Fair Labor Standards Act applies. Sunsof is a food manufacturing business that distributes its products nationally and, through its business activity, affects interstate commerce. Cubas's work for Sunsof likewise affects interstate commerce. Cubas was employed by Sunsof as a maintenance worker for Sunsof's business.

47.     While employed by Sunsof, Cubas routinely worked in excess of forty (40) hours per week without being compensated as a rate of not less than one and one half times the regular rate at which he was employed. Cubas was employed as a factory worker, performing the same or similar duties as that of those other similarly situated factory workers whom Cubas observed working more than forty (40) hours per week.

48.     Cubas was paid $10.00 per hour from on or about January, 2010 through May, 2014. Cubas was not paid overtime wages for the hours he worked in excess of forty (40) per week. Cubas worked approximately, subject to discovery, sixty (60) hours per week for Sunsof.

Cubas seeks to recover unpaid wages accumulated from the date of hire and the date of termination and/or the date of the filing of this Complaint.

49.     Prior to the completion of discovery and to the best of Cubas's knowledge, at the time of the filing of this complaint, Cubas's good faith estimate of his unpaid overtime wages is as follows:

**Actual Damages**:

**January 2010 through May 2014 (153 weeks of compensable time)**

**Unpaid Overtime Wages**: $10.00 x 1.5 x 20 (weekly overtime hours worked) x 153 (compensable weeks) = **$45,900**

**Liquidated Damages: $45,900** representing an equal amount in double damages/liquidated damages.

**TOTAL DAMAGES OF $91,800**; plus reasonable attorneys' fees and costs of suit.

50.     At all times material hereto, Sunsof failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Cubas and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sunsof to pay them at the rate of time and one half for all hours in excess of forty (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Sunsof who are and who were subject to the unlawful payroll practices and procedures of Sunsof and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

51.     Sunsof knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Cubas, and

those similarly situated, these wages since the commencement of Cubas's employment, and those similarly situated employees' employment with Sunsof as set forth above, and Cubas, and those similarly situated, are entitled to recover double damages. Sunsof never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

52.     Sunsof willfully and intentionally refused to pay Cubas overtime wages as required by the laws of the United States as set forth above and remains owing Cubas these overtime wages since the commencement Cubas's employment with Sunsof as set forth above.

53.     Cubas has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Cubas and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Cubas, and other similarly situated, and against Sunsof on the basis of Sunsof willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Cubas actual damages in the amount shown to be due for unpaid wages and overtime compensation, with interest plus reimbursement; and

C.     Award Cubas an equal amount in double damages/liquidated damages; and

D.     Award Cubas reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Cubas and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT VII: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *CUBAS* AGAINST *ARMANDO*

54.     Cubas re-adopts each and every factual allegation as stated in paragraphs 1 through 6 and 43 through 53 above as if set out in full herein.

55.     At the times mentioned, Armando was, and is now, the Director, manager and/or owner of Sunsof. Armando was an employer of Cubas and others similarly situated within the meaning of Section 3(d) of the Act in that Armando acted directly in the interests of Sunsof in relation to its employees, including Cubas and others similarly situated. Armando had operational control of the businesses and is jointly and severally liable for Cubas's damages.

56.     Armando willfully and intentionally refused to pay Cubas overtime wages as required by the laws of the United States as set forth above and remains owing Cubas these wages since the commencement of Cubas's employment with Sunsof as set forth above.

57.     Cubas has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Cubas, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Cubas, and other similarly situated, and against Armando on the basis of Armando's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Cubas actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.     Award Cubas an equal amount in double damages/liquidated damages; and

D.     Award Cubas reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Cubas and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT VIII: WAGE AND HOUR FEDERAL
## STATUTORY VIOLATION BY *ALVARADO* AGAINST *SUNSOF*

58.     Alvarado re-adopts each and every factual allegation as stated in paragraphs 1 through 6 above as if set out in full herein.

59.     This action is brought by Alvarado, and those similarly situated, to recover from Sunsof unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq. and specifically under the provisions of 29 U.S.C. § 207(a)(1) which states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate of not less than one and a half times the regular rate at which he is employed."

60.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Sunsof is and was, at all times pertinent to this complaint, engaged in interstate commerce. At all times pertinent to this complaint, Sunsof operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Sunsof obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Sunsof was at all times material hereto in excess of $500,000.00 per annum, and/or Sunsof,

and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

61.     By reason of the foregoing, Sunsof is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Alvarado, and those similarly situated, was and/or is engaged in interstate commerce for Sunsof. Sunsof's business activities involve those to which the Fair Labor Standards Act applies. Sunsof is a food manufacturing business that distributes its products nationally and, through its business activity, affects interstate commerce. Alvarado's work for Sunsof likewise affects interstate commerce. Alvarado was employed by Sunsof as a factory worker for Sunsof's business.

62.     While employed by Sunsof, Alvarado routinely worked in excess of forty (40) hours per week without being compensated as a rate of not less than one and one half times the regular rate at which she was employed. Alvarado was employed as a factory worker, performing the same or similar duties as that of those other similarly situated factory workers whom Alvarado observed working more than forty (40) hours per week.

63.     Alvarado was paid $9.25 per hour from on or about February 15, 2011 through August 26, 2013. Alvarado was not paid overtime wages for the hours he worked in excess of forty (40) per week. Alvarado worked approximately, subject to discovery, seventy five (75) hours per week for Sunsof. Alvarado seeks to recover unpaid wages accumulated from the date of hire and the date of termination and/or the date of the filing of this Complaint.

64.     Prior to the completion of discovery and to the best of Alvarado's knowledge, at the time of the filing of this complaint, Alvarado's good faith estimate of his unpaid overtime wages is as follows:

**Actual Damages**:

**February 15, 2011 through August 26, 2013 (116 weeks of compensable time)**

<u>Unpaid Overtime Wages</u>: $9.25 x 1.5 x 35 (weekly overtime hours worked) x 116 (compensable weeks) = **$56,332.50**

**Liquidated Damages: $56,332.50** representing an equal amount in double damages/liquidated damages.

**TOTAL DAMAGES OF $112,665**; plus reasonable attorneys' fees and costs of suit.

65.     At all times material hereto, Sunsof failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Alvarado and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Sunsof to pay them at the rate of time and one half for all hours in excess of forty (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Sunsof who are and who were subject to the unlawful payroll practices and procedures of Sunsof and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty (40) per workweek.

66.     Sunsof knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Alvarado, and those similarly situated, these wages since the commencement of Alvarado's employment, and those similarly situated employees' employment with Sunsof as set forth above, and Alvarado, and those similarly situated, are entitled to recover double damages. Sunsof never posted any notice, as required by the Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

67.     Sunsof willfully and intentionally refused to pay Alvarado overtime wages as required by the laws of the United States as set forth above and remains owing Alvarado these overtime wages since the commencement Alvarado's employment with Sunsof as set forth above.

68.     Alvarado has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Alvarado, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Alvarado, and other similarly situated, and against Sunsof on the basis of Sunsof willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Alvarado actual damages in the amount shown to be due for unpaid wages and overtime compensation, with interest plus reimbursement; and

C.     Award Alvarado an equal amount in double damages/liquidated damages; and

D.     Award Alvarado reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Alvarado and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT IX: WAGE AND HOUR FEDERAL
## <u>STATUTORY VIOLATION BY ALVARADO AGAINST *ARMANDO*</u>

69.     Alvarado re-adopts each and every factual allegation as stated in paragraphs 1 through 6 and 58 through 68 above as if set out in full herein.

70.     At the times mentioned, Armando was, and is now, the Director, manager and/or owner of Sunsof. Armando was an employer of Alvarado and others similarly situated within the meaning of Section 3(d) of the Act in that Armando acted directly in the interests of Sunsof in relation to its employees, including Alvarado and others similarly situated. Armando had operational control of the businesses and is jointly and severally liable for Alvarado's damages.

71.     Armando willfully and intentionally refused to pay Alvarado overtime wages as required by the laws of the United States as set forth above and remains owing Alvarado these wages since the commencement of Alvarado's employment with Sunsof as set forth above.

72.     Alvarado has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Alvarado, and those similarly situated, request that this Honorable Court:

A.     Enter judgment for Alvarado, and other similarly situated, and against Armando on the basis of Armando's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Alvarado actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.     Award Alvarado an equal amount in double damages/liquidated damages; and

D.     Award Alvarado reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Alvarado and those similarly situated demand trial by jury of all issues so triable as of right.


Dated: June 18, 2014.

<div style="margin-left: 40%;">

By: ____/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile:  (888) 270-5549

</div>