UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22255-CIV-MORENO

JONATHAN BAIDE, WILMER CABALLERO,
YONI CUBAS, GEIKER J. ALVARADO,

    Plaintiffs,

vs.

SUNSOF, INC. and EDGARDO D. ARMANDO,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

Plaintiffs are factory workers at Defendant Sunsof, Inc., a food manufacturing business, and are suing for unpaid overtime compensation under the Fair Labor Standards Act. One of the Plaintiffs, Jonathan Baide, is also suing for retaliatory discharge, claiming his employment was terminated when his uncle filed a Fair Labor Standards Act case against the Defendants. The complaint is framed as a putative class action. Having reviewed the Motion to Dismiss, the Court finds the Plaintiffs' complaint is sufficiently pled, except for the class action claim, which lacks factual support. The Court grants the motion to dismiss in part and dismisses the class action claim without prejudice.

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss **(D.E. No. 17)**, filed on **July 30, 2014**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part. The Court dismisses the class allegations without prejudice and grants leave to amend the complaint. Plaintiffs may file an amended complaint by no later than **October 22, 2014** consistent with this order.

## I. BACKGROUND

Plaintiffs, Jonathan Baide, Wilmer Caballero, Yoni Cubas, and Geiker J. Alvarado were employees of Defendant Sunsof, Inc. and Defendant Edgardo D. Armando was their boss. All four Plaintiffs allege they did not receive overtime compensation from Defendants. Plaintiff Baide states an additional claim for retaliation. The complaint is also framed as a collective action pursuant to 29 U.S.C. § 216(b).

The overtime compensation claims separately set forth for each Plaintiff the estimated time frame during which each Plaintiff worked overtime and was unpaid. The complaint also alleges that Defendant Sunsof, Inc. is an enterprise engaged in interstate commerce. Plaintiffs worked as factory workers, and Baide, on occasion, worked as a cook. Plaintiffs each claim they were directed by Defendant Armando to work overtime, and they were not compensated for that time.

Baide's retaliation claim stems from his uncle's Fair Labor Standards Act case against the Defendant. Baide's uncle filed the lawsuit on February 17, 2014 against Defendants Sunsof and Armando. On April 16, 2014, Sunsof terminated Baide and Baide now claims the motivating factor causing his discharge was his uncle's case, *Laffita v. Sunsof, Inc.*, Case No. 14-20592-CIV-WILLIAMS.

Defendants are moving to dismiss arguing the pleading standard is not met, and the allegations do not meet the requirements of a class action in a FLSA case.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to

the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. LEGAL ANALYSIS

#### A. Overtime Claims

At the outset, the Court notes the parties' dispute the legal standard the Court must apply. Plaintiffs' response relies on pre-*Iqbal* case law and argues a lower pleading standard is applicable in the FLSA context. Relying on a pre-*Iqbal* Eleventh Circuit decision, *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008), Plaintiffs maintain the requirements to state a FLSA claim are "quite straightforward" in comparison to the complexity of the pleadings involved in *Twombly*. This Court has already rejected this argument in *Diaz v. U.S. Century Bank*, No.12–21224, 2012 WL 3597510, n.1 (S.D. Fla. Aug. 20, 2012). This Court stated:

> As the Supreme Court has stressed, *Twombly* expounded the pleading standard for all civil actions. Courts in the Eleventh Circuit have affirmed this holding in FLSA cases, specifically distinguishing past contrary case law.

*Id.*(internal quotations and citations omitted); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 n. 3 (S.D. Fla. 2011) (noting that *Iqbal* controls despite the Eleventh Circuit's decision in *Labbe*).

Plaintiffs' complaint alleges the general timeframe during which they each worked overtime,

-3-

how many overtime hours they worked, and that they were not paid. FLSA provides as follows:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The Court finds the Plaintiffs' allegations regarding overtime satisfy the requirements of FLSA and *Twombly*. Plaintiffs have provided dates and the amount of hours worked for which they were not paid. It does not, as Defendants contend, merely recite the elements of the cause of action.

Defendants argue that Plaintiffs must provide more factual detail in their complaint to survive *Twombly* and that Plaintiffs have merely recited the elements of the cause of action in a conclusory way. Defendants would have the Plaintiffs explain whether this is a misclassification case, a tip-pooling case, an off-the-clock case, a time-rounding case, or to provide a factual context for the Defendants' violation of FLSA. The Court does not find those allegations are necessary at this stage to meet the requirements of *Twombly* given the factual details of dates and times for unpaid compensation the Plaintiffs do provide.

### B. Retaliation Claim

To state a *prima facie* case of retaliation under FLSA, a plaintiff must demonstrate that: (1) he "engaged in activity protected under [the] act; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). In this case, Plaintiff has not pled that he engaged in protected activity and is relying on his uncle's protected activity to state a retaliation claim.

In the Title VII context, the Eleventh Circuit has recognized that various other circuits have found that a plaintiff cannot bring a retaliation claim when he personally did not participate in the protected activity. *See Hithon v. Tyson Foods, Inc.*, 144 Fed. App'x. 795, 800 (11th Cir. 2005); *Diaz v. Miami-Dade County*, No. 09–21856–CIV, 2010 WL 3927751, *7 (S.D. Fla. Aug. 17, 2010). The Eleventh Circuit, however, did not reach the issue in *Hithon* opting to apply the familiar *McDonnell Douglas* framework to resolve the case. In this case, there is an allegation of protected activity, albeit that of his uncle's, and an adverse action. Plaintiff also provides factual allegations to support the causal connection prong, namely that the events took place in close temporal proximity to each other. Accordingly, the Court will deny the motion to dismiss with leave to re-argue whether the prima facie case of retaliation is met at summary judgment.

### C. Class Allegations

Section 216(b) provides that:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought . . ..

29 U.S.C. § 216(b).

For an opt-in class to be created under section 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." "[P]laintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members." *Grayson v. K Mark Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman–LaRoche*, 118 F.R.D. 392, 407 (D.N.J.1988)); *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208 (11th Cir.2001) (providing a two-tiered approach to certification of § 216(b) opt-in classes to assist district courts in resolving the similarly situated inquiry). Employees should be

"'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259–60 (11th Cir. 2008). At the same time, however, "a plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002) (cited with approval in *Anderson v. Cagles's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)).

Although the Plaintiffs' complaint makes reference to similarly situated employees, it does not identify any group of workers, who share commonality with Plaintiffs. Although there are sufficient allegations that Plaintiffs are similarly situated to each other, there is nothing to tie them to a greater class of potential opt-in plaintiffs. All four Plaintiffs worked for Defendants as factory workers and all four are claiming unpaid overtime compensation under the Fair Labor Standards Act. The Court, therefore, grants in part the Defendants' motion to dismiss without prejudice to allow Plaintiffs to amend their complaint to identify a group of workers that are similarly situated to them.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record